IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Courtney Folk, | ) CIVIL ACTION NO. 9:14-3758-DCN-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Director Bryan P. Stirling, Ann Hallman, | ) |
| Lt. Marquez, Lt. Richerson, Deputy Warden | ) |
| Nolan, Grievance Ms. Johnson, Food | ) |
| Supervisor Fuedd, Captain Commander of | ) |
| SMU, all defendants is being sued at | ) |
| official individual capacity, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations

of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56,

Fed.R.Civ.P., on March 23, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was entered

by the Court on March 23, 2015, advising Plaintiff of the importance of a motion for summary

judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that

if he failed to respond adequately, the Defendants' motion could be granted. Plaintiff thereafter filed

a memorandum in opposition to the Defendants' motion for summary judgment on April 6, 2015.



The Defendants' motion is now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] that he is a "mental health prisoner" confined at the Lee Correctional Institution.[3]  Plaintiff alleges that on July 3, 2014 he was taken to lock up and placed in protective custody, following which he was advised at the conclusion of a classification hearing on July 11, 2014 that he was to be transferred to another institution.  Plaintiff alleges that this process violated SCDC policy, which states that all prisoners in protective custody must be given a hearing every seven days, and after sixty days every thirty days.  Plaintiff also alleges that he is a Muslim, and that while in protective custody at the Lee Correctional Institution he was forced to eat "regular trays" even though he is prohibited from eating meat.  Plaintiff alleges that institution records show that he is a vegetarian, but that on "several occasions" beginning on August 26, 2014, the Defendant Marquez (a correctional officer) refused to accommodate his special vegetarian diet.  Plaintiff also alleges that on another occasion (August 29, 2014) the Defendant Richardson[4] (another correctional officer) refused to give him his vegetarian diet tray.  Plaintiff alleges that "supervisor" Fuedd has not been complying with his religious diet, and that the Defendant

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendants have filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3]Plaintiff has, since the filing of this action, been transferred to the Broad River Correctional Institution.  See Court Docket No. 21 (change of address notice).

[4]Mis-spelled "Richerson" in the caption of the Complaint.



Deputy Warden Nolan "has done nothing".

Plaintiff also alleges that the Defendant Grievance Coordinator Johnson is "intentionally not returning my 9-11 Staff Request forms" relating to this issue, and that the improper administration of the grievance process at the prison is denying him his constitutional right of access to the courts. Plaintiff alleges that he wrote to the Defendant Ann Hallman (Grievance Director) that Lee Correctional Staff are not returning his Informal Resolution 19-11 forms, thereby obstructing him from being able to go through the grievance process, but that "she has failed to make correction action". Plaintiff alleges that the Defendant Stirling (SCDC Director) has violated his rights by failing to take corrective action or "enforce better policy". Plaintiff seeks monetary damages, as well as injunctive relief. See generally, Verified Complaint.

In support of summary judgment in this case, the Defendants have submitted an affidavit from David Martinez, Inmate Grievance Administrator at the Lee Correctional Institution. Martinez attests that Plaintiff has not filed any grievances against any of the named Defendants in this lawsuit regarding the matters complained of in the Complaint. Further, with respect to the grievance Plaintiff cites in his Complaint (1045-14), Martinez attests that in that grievance Plaintiff complained that the Defendant Marquez did not feed him on August 26, 2014. This grievance did not assert that Plaintiff had been refused a vegetarian diet or a diet in line with his Muslim faith. Martinez attests that this grievance was not processed because Plaintiff did not attach a Request to Staff form showing that he had attempted resolution before filing a grievance, and that Plaintiff also filed the grievance the day after the incident at issue, which is not adequate time for staff to respond. See generally,



Martinez Affidavit.[5]

Defendant Marquez has submitted an affidavit wherein he attests that he is a correctional officer at the Lee Correctional Institution, and that at no time did the Plaintiff inform him that he had received the wrong food tray and request the appropriate food tray, nor did he at any time refuse to feed the Plaintiff. Marquez further attests that inmates on special diets are listed by either the Medical Department or the Chaplain, with this list being available to officers on the wing. Food trays are then sent to the wing by the Food Service Department with special diets being labeled with the inmate's name. Marquez attests that individual officers cannot change the diet received by an inmate or give an inmate an alternative diet if they request it. Rather, any change must come from either Medical or the Chaplain. Marquez attests that if the wrong tray is delivered, an inmate may refuse it and inform the officer of the mistake. The officer will then check the list and if an error was made, request the correct diet tray from food services. See generally, Marquez Affidavit.

---

[5]This Court can take judicial notice from numerous other previous cases filed and decided in this District that in order to exhaust the SCDC prison grievance procedure, an inmate must first attempt to resolve the issue through an informal resolution by submitting a Request to Staff Member Form. If this is unsuccessful, the inmate must submit a Step 1 Grievance form within five (5) days as the alleged incident or occurrence. A copy of the Request to Staff Member Form must be attached to the Step 1 Grievance Form as evidence that the inmate satisfied that prerequisite. If the inmate is then not satisfied with the result of his Step 1 grievance, he can appeal by submitting a Step 2 grievance form to the Institutional Grievance Coordinator. This appeal must be submitted within five (5) days of the inmate's receipt of the denial of his Step 1 grievance. The response to the inmate's Step 2 grievance is generally the final agency decision on the issue for exhaustion purposes, although in some cases a further appeal to the South Carolina Administrative Law Court is required before exhaustion is complete. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]; see also Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step II grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to Administrative Law Court.)); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007).



The Defendant Franklin Richardson (correct spelling) has submitted an affidavit wherein he attests that he is a correctional officer at the Lee Correctional Institution, and that Plaintiff is no longer housed at the Lee Correctional Institution. Richardson attests to the same procedures regarding the delivery of special diet food trays as does Officer Marquez, and further attests that Plaintiff never requested that he [Richardson] get him a different food tray, nor did Plaintiff ever file a grievance against him accusing him giving him the wrong tray. See generally, Richardson Affidavit.

The Defendants have also submitted an affidavit from Willie Smith, Food Service Branch Administrator for the South Carolina Department of Corrections. Smith attests that inmates cannot receive alternate diets unless ordered by the Medical Department or approved by the Chaplain of the Institution, and that if an inmate is approved for an alternate diet and receives the wrong tray, he may notify a corrections officer, who can request another tray from the Institution's Food Service Department. See generally, Smith Affidavit.

Chaplain "Cain" has submitted an affidavit wherein he attests that he is the Senior Chaplain at the Lee Correctional Institution. Cain attests that if an inmate is on the alternative diet list and is moved to another Institution or to lockup in an Institution, it may take as long as thirty days to get his diet switched to his preferred diet in this new area. Cain attests that it is the inmate's responsibility to notify the Chaplain if he is moved, so the inmate's name can be put on the alternative diet list for his new housing area and the information given to food services. See generally, Cain Affidavit.

Finally, the Defendants have provided computer printouts for Plaintiff's grievances for the relevant time period. With respect to Grievance No. 1045-14 (the grievance Plaintiff cites in



his Complaint), that grievance alleged that on August 26, 2014 the Defendant Marquez "left the institution without feeding [the Plaintiff]". There is nothing in this exhibit indicating any claim or complaint about a vegetarian or Muslim diet. This grievance was filed on August 27, 2014 (the day after the incident), with a notation that it was unprocessed because no Request to Staff Member Form had been submitted with the Grievance. See Defendants' Exhibit (Court Docket No. 24-7, p. 3).

The evidence provided to the Court also contains three additional grievances filed by the Plaintiff. Plaintiff filed a grievance on August 11, 2014 (Grievance No. 976-14), approximately one month before he filed this lawsuit.[6] In this grievance Plaintiff complained about no juice being provided with his food tray, that the "trays runs out of food", and that while you can substitute (apparently food items) on the regular trays, you are not allowed to substitute food items on the diet trays. This exhibit indicates that there was a formal resolution of the grievance on September 8, 2014, that Plaintiff appealed, and that there was a deadline of December 7, 2014 for resolution of the appeal. See Defendants' Exhibit (Court Docket No. 24-7, p. 4).

On September 12, 2004 (seven days prior to submitting his Complaint in this case) Plaintiff filed a grievance (Grievance No. 1114-14), in which he complained about grits on his vegetarian tray. The grievance reflects that Plaintiff had been told (apparently by the Defendant Fuedd) that cereal is replaced on the vegetarian tray with one half cup of grits, but that Plaintiff had a "reaction" to grits and wanted the grits replaced with something else. This exhibit reflects that this grievance was resolved on September 26, 2014 (after Plaintiff had already submitted his complaint in this case), and that Plaintiff appealed, with a due date from the central office of December 25, 2014. See Defendants' Exhibit (Court Docket No. 24-7, p. 2).

---

[6]Plaintiff's Complaint is dated September 19, 2014, and was filed on September 24, 2014.



Finally, Plaintiff filed a grievance on November 15, 2014 (Grievance No. 1403-14) in which he complains that there was no peanut butter on his diet tray, that he had asked "Lt. Shaw" to contact the cafeteria about the issue, but that Shaw said she was not going to contact the kitchen. Plaintiff complained that the officers were mad at him for filing grievances and requested a transfer. This exhibit reflects that the matter was resolved informally at the institution level with Plaintiff accepting the resolution . See Defendants' Exhibit (Court Docket No. 24-7, p. 1).

Plaintiff has not presented any exhibits or other evidence in opposition to the Defendants' evidence or in support of his claims.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exist. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after



7

careful review and consideration of the arguments and evidence presented, the undersigned finds for

the reasons set forth hereinbelow that the Defendants are entitled to dismissal of this case.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison

conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are

exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly

enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532

U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718

(7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks

v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion)

[applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before

Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative

remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his

administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683

(4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be

both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden,

the Defendants have submitted several affidavits as well as exhibits detailing Plaintiff's grievances

to show that Plaintiff failed to exhaust his administrative remedies with respect to the claims asserted

in this lawsuit prior to filing this lawsuit. Defendants note that in his Complaint, where Plaintiff is

asked if he filed a grievance concerning the claims he was raising in this lawsuit, Plaintiff indicated

"yes", identifying Grievance No. 1045-14 as being that grievance. However, the exhibit provided to



the Court by Defendants clearly reflects that this grievance did not assert the claims Plaintiff is asserting in this lawsuit, which relate to allegedly not being allowed a vegetarian diet tray and that Plaintiff did not receive a required classification hearing. It is also noted that this grievance was unprocessed because Plaintiff failed to attach a Request to Staff Member form, which is required for the initiation of a grievance.[7] See Defendants' Exhibit (Court Docket No. 24-7, p. 3). Therefore, this grievance does not satisfy Plaintiff's exhaustion requirement. See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge Defendants' evidence that he did not properly pursue his administrative remedies]; see also Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004)

---

[7]While Plaintiff complains that he did submit a Request to Staff form "but never received it back", it is readily apparent that the incident which gave rise to the grievance, which, again, is not even the conduct Plaintiff is alleging in this lawsuit, occurred on August 26, 2014, and that Plaintiff filed this grievance (Grievance No. 1045-14) the very next day, August 27, 2014. Plaintiff had five (5) days from the incident at issue to file his Step 1 grievance, and prison staff were not required to respond to his Request to Staff form in one day. Hence, even assuming Grievance No. 1045-14 related to the issues Plaintiff is raising in this lawsuit (which it does not), Plaintiff's assertion that he did not have to complete the prison grievance process because prison staff "obstructed" him from doing so is lacking in any evidentiary support and is without merit. Cf. Poe v. Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21, 2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response, including that the Defendant would not provide him a grievance, were not sufficient to avoid summary judgment in light of the contrary evidence]; see also Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)[Holding that a self-serving affidavit was insufficient to survive summary judgment]; King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012)[Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).



[Discussing necessity of pursuing all administrative remedies to the end]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012)  ["A court may not consider, and must dismiss, unexhausted claims"]; cf. Nelly v. King, No. 12-128, 2013 WL 594709, at * 3 (N.D.W.Va. Jan. 3, 2013) ["Failure to receive a response is not an excuse for not moving to the next level of the grievance procedure"]; adopted by 2013 WL 593448 (N.D.W.Va. Feb. 15, 2013).

With respect to the other grievances Plaintiff filed as reflected in the evidence, it is readily apparent that Plaintiff filed these grievances either shortly before or after the filing of this lawsuit, and that none of the issues raised in those grievances (even assuming for purposes of summary judgment that one or more of these grievances may have touched on issues Plaintiff is asserting in this lawsuit) was exhausted prior to the filing of this lawsuit.  Therefore, these grievances also do not provide a basis for allowing Plaintiff to proceed with his claim.  Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)[Prisoner may not file a lawsuit before exhausting his administrative remedies]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.  Malik, 2012 WL 3834850, at * 4 ["A court may not consider, and must dismiss, unexhausted claims"]; Spruill, 372 F.3d at 227-232 [Discussing necessity of pursuing all administrative remedies to the end]; Hyde v, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"].



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 19, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District C777yy7yourt Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

